FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
10 SEP -9 AM 9: 37
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 8:10CR260 |
| Plaintiff, ) | |
| ) | |
| vs. ) | **PLEA AGREEMENT** |
| ) | |
| KENNETH BURT JONES, ) | |
| ) | |
| Defendant. ) | |

The United States of America and Defendant, KENNETH BURT JONES, agree to the following:

## NATURE OF CRIME AND PENALTIES

1. The Defendant will plead guilty to Count I of the Indictment. Count I charges a violation of Title 18 United States Code § 922(g)(1). The Defendant acknowledges that he has previously been convicted in 2009 in the United States District Court for the District of Nebraska of being an Unlawful User of Controlled Substance in Possession of a Firearm, which is a crime punishable by imprisonment for a term exceeding one year. The Defendant understands that by entering this plea of guilty as to Count I, the Defendant is exposed to imprisonment of not more than ten years, a fine of not more than $250,000, both such fine and imprisonment, a term of supervised release of not more than 3 years, and a $100 special assessment.

2. In exchange for the Defendant's plea of guilty as indicated above, the United States agrees as follows:

   a. If the Defendant is found to be entitled to an offense level reduction under U.S.S.G. § 3E1.1(a) for acceptance of responsibility, and if that paragraph otherwise applies, the United States hereby moves that the Court reduce the Defendant's offense level by one additional level, pursuant to U.S.S.G. § 3E1.1(b).

b.  Nothing which the Defendant says pursuant to this agreement may be used against the Defendant, so long as the Defendant abides by all of the terms of this agreement. The United States may, however, make derivative use of and may pursue any investigative leads suggested by any statements made by or other information provided by the Defendant.

## COOPERATION PROVISIONS

3.  Cooperation by the Defendant with the United States is not anticipated by this agreement, and the Defendant understands that a different document would have to be signed should both parties desire the Defendant to cooperate in the future.

## BREACH OF AGREEMENT

4.  (a)  Should it be concluded by the United States that the Defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the Defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the Defendant.

(b)  In the event the Defendant commits a crime or otherwise violates any term or condition of this plea agreement, the Defendant shall not, because of such violation of this agreement, be allowed to withdraw the Defendant's plea of guilty, and the United States will be relieved of any obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## SENTENCING ISSUES

5.  Unless otherwise stated, all agreements as to Sentencing Issues are made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

a.  The Defendant understands that in the event a fine is imposed, or restitution ordered, or one or more Special Assessments remain unpaid at the time of sentencing, the court may order

a schedule of payments, which is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a payment schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

    b.    The parties have no agreement concerning 1) any other Sentencing Guideline provisions that may apply to either enhance or reduce the defendant's sentence herein, nor 2) the Defendant's Criminal History Category. These issues remain to be resolved at sentencing..

## SCOPE OF THE AGREEMENT AND OTHER PROVISIONS

6.    This agreement is limited to the United States Attorney's Office for the District of Nebraska, and does not bind any other federal, state or local prosecuting authorities.

7.    By signing this agreement, the Defendant agrees that the time between the date the Defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The Defendant stipulates that such period of delay is necessary in order for the Defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the Defendant and the public in a speedy trial.

8.    The Defendant agrees that all information known by the office of United States Pretrial Services may be used by the Probation Office in submitting its pre-sentence report, and may be disclosed to the Court for purposes of sentencing.

9.    The United States may use against the Defendant any disclosure(s) the Defendant has made

pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the Defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

10.     Pursuant to 18 U.S.C. § 3013, the Defendant will pay to the Clerk of the District Court the mandatory special assessment of $100.00 for each felony count to which the Defendant pleads guilty. The Defendant will make this payment at or before the time of sentencing.

11.     By signing this agreement, the Defendant waives the right to withdraw the Defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d).

12.     This agreement ends all plea discussions. No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

13.  This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

UNITED STATES OF AMERICA,
DEBORAH R. GILG
United States Attorney
District of Nebraska, by

9-9-10
Date

*[signature]*

MICHAEL D. WELLMAN, # 14455
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

9-1-10
Date

*[signature]*

KENNETH BURT JONES
Defendant

9-7-10
Date

*[signature]*

JULIE B. HANSEN
Attorney for Defendant